UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1462-JGB (KKx) | Date: | January 8, 2018 |
| Title: | *Gabriela Ortolani v. Freedom Mortgage Corporation* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Plaintiff's Motion to Compel [Dkt. 31]

On December 14, 2017, Plaintiff Gabriela Ortolani ("Plaintiff") filed a Motion to Compel seeking production of documents and further response to Request for Production of Documents, Set One, No. 8 ("Motion to Compel"). ECF Docket No. ("Dkt.") 31. For the reasons set forth below, Plaintiff's Motion to Compel is DENIED without prejudice.

# I.
# BACKGROUND

On May 24, 2017, Plaintiff filed a putative class action Complaint in San Bernardino County Superior Court alleging various Labor Code violations. Dkt. 1-2, Compl. On May 31, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 1-3, FAC.

On July 24, 2017, Defendants removed the action to this Court. Dkt. 1.

On July 31, 2017, Defendants filed an Answer to the FAC. Dkt. 10.

On November 15, 2017, the Court issued a Protective Order pursuant to the parties' stipulation. Dkt. 29.

On December 14, 2017, Plaintiff filed the instant Motion to Compel and Joint Stipulation pursuant to Local Rule 37-2. Dkt. 31; Dkt. 32, Joint Stipulation ("JS"). In the Joint Stipulation, the parties state:

> Plaintiff was formerly employed by Defendant as a mortgage loan officer and classified by Defendant as exempt from overtime under the outside salesperson exemption. Plaintiff seeks to represent a class of all Defendants' Loan Officer (a.k.a. Mortgage Banker) employees who worked in California during the period from May 24, 2013, to the present, who Plaintiff asserts were improperly classified as exempt.

JS at 1. On December 28, 2017, Plaintiff filed a supplemental brief in support of the Motion to Compel. Dkt. 33. On December 28, 2017, Defendant filed a supplemental brief in opposition to the Motion to Compel. Dkt. 34. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."). "Although in some cases a

district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

### III.
### DISCUSSION

Plaintiff's Request for Production, Set One, No. 8 seeks "[a]ll PAY RECORDS for all COVERED EMPLOYEES for the COVERED PERIOD." JS at 2-3. Defendant objects to the Request primarily on the grounds it is vague, ambiguous, overbroad, violates the privacy rights of third parties, and impermissibly seeks "merits discovery before a class has been certified." Id. at 3.

In the Joint Stipulation, Plaintiff argues the payroll records are relevant to establishing numerosity and commonality, and "potentially will reflect uniformity in the way employees were classified, such as payment of a salary, payment of commissions or lack thereof, payments at different rates for different work, deductions for missed workdays, etc." Id. at 3-4. Plaintiff asserts the pay records are relevant to her claim for unreimbursed business expenses in "determining whether Defendant issued reimbursements, and if so, how those reimbursements were paid." Id. at 4. Plaintiff's Supplemental Response states: "The way employees were compensated is relevant to class certification because it may reveal (1) whether Defendant actually treated its employees in a manner that is consistent with the exemption, and (2) whether employees were treated uniformly. For example, if putative class members were compensated at different rates for different tasks, this could indicate which tasks Defendant treated as constituting 'sales' work. Similarly, payments of commissions, salaries, deductions from salaries for days off, draws on commission, and all other forms of payment will shed insight into Defendant's classification of its employees." Dkt. 33, at 1.

Defendant argues the payroll records will neither support Plaintiff's numerosity nor commonality for class certification. JS at 4. Defendant argues the payroll records will "only show what Defendant has already stated in its *verified* discovery responses, that there are 197 putative class members." Id. Defendant argues "members of the putative class were exempt under the outside salesperson exemption," and "[c]onsistent with their classification as exempt employees, Defendant kept no record of their work hours." Id. at 5. Defendant argues that consequently the putative class members' "payroll records and earnings are irrelevant to the exemption analysis since outside salespersons do not have to satisfy the minimum salary test that applies to other exemptions." Id. Defendant's Supplemental Response states: "[T]he pay records are not relevant to prove commonality because they will not show (1) a salary; (2) a

deduction from a salary; (3) payment at different rates of pay for different work; or (4) anything related to hours worked." Dkt. 34, at 3.

The Court finds Plaintiff has not met her burden of advancing a prima facie showing that discovery is likely to produce substantiation of the class action requirements of numerosity or commonality. Mantolete, 767 F.2d at 1424.

First, the payroll records are not necessary to establish numerosity because the number of putative class members has already been established as 197. See JS at 4; see also Kamm, 509 F.2d at 210 ("Where the necessary factual issues may be resolved without discovery, it is not required.").

Second, Plaintiff fails to demonstrate how the payroll records sought are relevant to establishing commonality. Both parties appear to concede the potential class members were paid only on a commission basis. The Court finds that payroll records that do not contain the hours worked for employees paid solely by commission would not likely substantiate the class allegation because (1) Plaintiff has not shown how the records would include information to determine exemption from overtime, and (2) Plaintiff has not explained how she and other putative class members were misclassified. Hence, the Court finds the payroll records are not likely to "resolv[e] [the] factual issue" of misclassification as exempt from overtime. See Kamm, 509 F.2d at 210.

Accordingly, Plaintiff fails to meet her burden of establishing how the records sought are necessary or relevant to determining numerosity or commonality. Therefore, Plaintiff's Motion to Compel production and further response to Request for Production, Set One, No. 8 is DENIED without prejudice.

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **DENIED** without prejudice.