UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1462-JGB (KKx)** | Date: | April 4, 2018 |
| Title: | ***Gabriela Ortolani v. Freedom Mortgage Corporation*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 44]; and (2) Vacating the Hearing Set for April 12, 2018**

On March 21, 2018, Plaintiff Gabriela Ortolani ("Plaintiff") filed a Motion to Compel seeking (a) production of documents and further responses to Request for Production of Documents, Set One, No. 8, and Set Two, Nos. 26 and 27; and (b) permission to take depositions in excess of the Rule 30 ten-deposition limit ("Motion to Compel"). ECF Docket No. ("Dkt.") 44. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART without prejudice. The hearing on Plaintiff's Motion to Compel set for April 12, 2018, is hereby VACATED.

# I.
## BACKGROUND

On May 24, 2017, Plaintiff filed a putative class action Complaint in San Bernardino County Superior Court alleging various Labor Code violations. Dkt. 1-2, Compl. On May 31, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 1-3, FAC.

On July 24, 2017, Defendant Freedom Mortgage Corporation ("Defendant") removed the action to this Court. Dkt. 1.

On July 31, 2017, Defendant filed an Answer to the FAC. Dkt. 10.

On November 15, 2017, the Court issued a Protective Order pursuant to the parties' stipulation. Dkt. 29.

On December 14, 2017, Plaintiff filed a motion to compel production of documents and further responses to Request for Production, Set One, No. 8, which seeks payroll records for the putative class members. Dkt. 31. On January 8, 2018, the Court denied Plaintiff's motion without prejudice finding Plaintiff failed to meet her burden of establishing how the records sought are necessary or relevant to determining numerosity or commonality. Dkt. 36 at 4.

On March 21, 2018, Plaintiff filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 44, MTC; Dkt. 46, Joint Stipulation ("JS"). On March 29, 2018, Plaintiff filed a supplemental brief in support of the Motion to Compel. Dkt. 48. The matter thus stands submitted.

## II.
## LEGAL STANDARD

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016) (noting there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts"). Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;

or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." <u>Centeno v. City of Fresno</u>, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing <u>In re Bard IVC Filters Prod. Liab. Litig.</u>, 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935, 942 (9th Cir. 2009); <u>Del Campo v. Kennedy</u>, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."). "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." <u>Mantolete v. Bolger</u>, 767 F.2d 1416, 1424 (9th Cir. 1985), <u>as amended</u> (Aug. 27, 1985). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." <u>Kamm v. Cal. City Dev. Co.</u>, 509 F.2d 205, 210 (9th Cir. 1975).

**III.**
**DISCUSSION**

## A.    REQUESTS FOR PRODUCTION OF DOCUMENTS

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." <u>Louen v. Twedt</u>, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

### 1.    Request for Production, Set One, No. 8

Plaintiff's Request for Production, Set One, No. 8 seeks "[a]ll PAY RECORDS for all COVERED EMPLOYEES for the COVERED PERIOD." JS at 3. Defendant objects to the Request on the grounds it (a) is vague, ambiguous, and overbroad; (b) violates the privacy rights of third parties; and (c) impermissibly seeks "merits discovery before a class has been certified." <u>Id.</u>

Plaintiff argues the payroll records show (a) the location in which each putative class member was employed; and (b) the relative commissions earned by the putative class members.

JS at 8-9. Plaintiff argues her expert requires this information in order to "normalize" a representative sample of putative class members such that the sample is sufficiently diverse enough to be scientifically relevant. Id. at 10. Plaintiff's expert will then use responses from the representative sample of the putative class members to a questionnaire in order to provide a statistical analysis regarding the commonality and typicality of the putative class members' claims. Id. Defendant argues Plaintiff fails to explain how a representative sample can be used to certify a class. JS at 15-16.

First, the Court finds Plaintiff's proposed discovery is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b). The payroll records contain substantial private information that Plaintiff has not established a need for at this time and Plaintiff has made no attempt to obtain the locations and relative commissions of the putative class members through less intrusive means.

Second, Plaintiff has not established the discovery is likely to produce substantiation of the class allegations. Mantolete, 767 F.2d at 1424. Plaintiff has made no attempt to show there are *any* putative class members with claims sufficiently common or typical and similar to Plaintiff's claims to support class certification. Therefore, Plaintiff has not met her burden of establishing a probability that the payroll records will be relevant to resolving the issues of numerosity or commonality. Kamm, 509 F.2d at 210.

Accordingly, Plaintiff's Motion to Compel production and further responses to Request for Production, Set One, No. 8, is DENIED without prejudice.

## 2. Requests for Production, Set Two, Nos. 26 and 27

Plaintiff's Request for Production, Set Two, No. 26 seeks "[a]ll DOCUMENTS that reflect all reimbursements for work-related expenses paid to COVERED EMPLOYEES during the COVERED PERIOD, including, but not limited to, reimbursements for expenses incurred in the use of personal internet, telephones, and vehicles." JS at 3. Defendant objects to the Request on the ground it (a) is vague and overbroad; (b) seeks irrelevant information; (c) violates the privacy rights of third parties; (d) seeks disclosure of information protected by the attorney-client privilege and attorney work product doctrine; and (e) is overbroad and unduly burdensome in that it is not limited to "reasonable and necessary business expenses." Id. at 3-4.

Plaintiff's Request for Production, Set Two, No. 27 seeks "[a]ll DOCUMENTS that support YOUR denial of Paragraph 46 of Plaintiff's Class Action Complaint for Damages (stating the Defendants [sic] failed in their obligation to reimburse its employees for business expenses incurred) as set for[th] in Paragraph 46 of your ANSWER." JS at 4. Defendant objects to the Request on the ground it (a) is vague, ambiguous, and overbroad; (b) seeks irrelevant information; (c) seeks confidential, non-public, proprietary information; (d) seeks documents previously produced; (e) seeks disclosure of information protected by the attorney-client privilege and attorney work product doctrine; and (f) is overbroad and unduly burdensome in that it seeks "all documents" and is not limited to "reasonable and necessary business expenses." Id. at 4-5. Defendant agrees to "produce non-privileged, responsive documents

within its possession, custody, or control to the extent said documents have not previously been produced." Id. at 5.

Plaintiff argues Defendant admits the payroll records would show reimbursements for business expenses. JS at 11. Plaintiff argues the payroll records are relevant because "they will reflect whether any expenses were reimbursed; the absence of reimbursements for personal mobile telephones, personal internet, and mileage," which will "bolster Plaintiff's claims." Id.

Defendant argues the payroll records "necessarily do[] not and cannot show *unpaid* business expenses." JS at 20 (emphasis in original). In addition, Defendant argues it has already produced its written policies and procedures relating to expense reimbursements and Plaintiff took Defendant's Rule 30(b)(6) deposition on this issue. JS at 23.

Here, the Court finds the requests seek relevant documents. Plaintiff is not seeking all payroll records. Rather, Plaintiff seeks only the records showing reimbursement of business expenses to putative class members, because Plaintiff does not believe there are any such records. Therefore, the existence of records showing reimbursement for business expenses to putative class members would be relevant to both Plaintiff's claim, Defendant's defenses, and the commonality and typicality of the putative class members.

In addition, Defendant's objections are overruled. First, Defendant has not established through evidence the extent of the burden to produce records, if any, showing reimbursement of business expenses to the putative class members. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."). Second, the Court finds any privacy concerns are mitigated by the protective order in this case. See Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Third, Defendant's objection that the requests are overbroad because they are not limited to "reasonable and necessary business expenses" appears to dispute whether "work-related expenses, . . . including, but not limited to, reimbursements for expenses incurred in the use of personal internet, telephones, and vehicles" and "business expenses" are "reasonable and necessary." However, it is unlikely Defendant is reimbursing expenses that are not reasonable and necessary. Therefore, either Defendant has records showing it has reimbursed putative class members for reasonable and necessary business expenses, which Plaintiff believes includes personal internet, telephones, and vehicles, or there are no such records and Defendant is obligated to say so under oath. To the extent Defendant does not have any additional responsive documents in its possession, custody, or control, Defendant must state under oath that it has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry had been made in an effort to locate the documents requested). Finally, to the extent Defendant believes the responsive documents are protected by attorney-client privilege or work-product doctrine, Defendant shall provide a privilege log.

Accordingly, Plaintiff's Motion to Compel production and further responses to Requests for Production, Set Two, Nos. 26 and 27, is GRANTED.

## B. ADDITIONAL DEPOSITIONS

Federal Rule of Civil Procedure 30(a)(2) limits parties to ten depositions without either a stipulation or leave of court, which the court must grant to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(i). However, Rule 26(b)(2)(C) requires the court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Here, Plaintiff seeks leave to take an additional thirty to forty depositions of a representative sample of the 206 putative class members in order to establish the commonality and typicality of their claims. Plaintiff argues depositions are more effective than a voluntary questionnaire because current employees of Defendant are less likely to voluntarily respond making the analysis of only voluntary responses biased.

First, the Court finds Plaintiff's proposed additional thirty to forty depositions is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b). Plaintiff has made no attempt to obtain the information through less intrusive means. Second, Plaintiff has not established the discovery is likely to produce substantiation of the class allegations. Mantolete, 767 F.2d at 1424. Plaintiff has made no attempt to show there are *any* putative class members with claims sufficiently common or typical and similar to Plaintiff's claims to support class certification. Finally, Plaintiff offers no evidence in support of her claim that current employees are less likely to voluntarily respond to a questionnaire. Therefore, Plaintiff has not met her burden of establishing a probability that the depositions will be relevant to resolving the issues of numerosity or commonality. Kamm, 509 F.2d at 210.

Accordingly, Plaintiff's motion to compel seeking leave to take additional depositions is DENIED without prejudice.

///
///
///
///
///
///
///
///
///
///
///
///

**IV.**
**CONCLUSION**

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

1.      Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART without prejudice as set forth above.

2.      **Within ten (10) days of the date of this Order**, Defendant shall serve supplemental responses to Requests for Production, Set Two, Nos. 26 and 27, and produce all responsive documents.

3.      The hearing on Plaintiff's Motion to Compel set for April 12, 2018 is VACATED.

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk ___