UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-1462-JGB (KKx)** | Date: | July 26, 2018 |
|---|---|---|---|

Title: *Gabriela Ortolani v. Freedom Mortgage Corp.*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Compel Further Responses to Requests for Production [Dkt. 61]

On July 2, 2018, Gabriela Ortolani ("Plaintiff") filed a Motion to Compel Freedom Mortgage Corporation ("Defendant") to provide further responses to Plaintiff's Request for Production, Set Three, Nos. 28-31. ECF Docket No. ("Dkt.") 61.

For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Compel.

## I.
## RELEVANT BACKGROUND

This case arises out of Defendant's alleged violation of Plaintiff's rights under California labor, business, and wage laws. Dkt. 1-3, FAC at 4. On May 24, 2017, Plaintiff, a former Loan Officer employee of Defendant, initiated this action by filing a Class Action Complaint against Defendant in San Bernardino Superior Court. Dkt. 1-2. On May 31, 2017, Plaintiff filed a First Amended Class Action Complaint claiming she and other putative class members were improperly classified by Defendant as outside salespersons resulting in the following causes of action: (1) failure to provide meal periods and rest breaks; (2) failure to pay all minimum and overtime wages; (3) failure to provide accurate wage statements; (4) failure to reimburse all necessary work-related expenses; and (5) failure to pay all wages due and owing upon termination of employment. FAC at 10-14; Dkt. 62, Joint Stipulation ("JS") 3.

On July 24, 2017, Defendant removed the action to this Court. Dkt. 1. On July 31, 2017, Defendant filed an Answer to the FAC. Dkt. 10.

On October 16, 2017, the Court issued a Scheduling Order setting a discovery cut-off date of June 1, 2018 and a jury trial for October 16, 2018. Dkt. 18.

On November 15, 2017, the Court approved the parties' Stipulated Protective Order. Dkt. 29.

On March 16, 2018, the Court granted the parties' stipulation to continue trial and pre-trial dates and continued the discovery cut-off to November 1, 2018 and the jury trial to March 19, 2019. Dkt. 43.

On July 2, 2018, Plaintiff filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 61, MTC; JS. On July 12, 2018, Plaintiff filed a supplemental brief in support of the Motion to Compel. Dkt. 63. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

In addition, "[d]istrict courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009); Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court."). "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

## III.
## DISCUSSION

### A. REQUESTS FOR PRODUCTION

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

///
///

### 1. Request for Production, Set Three, Nos. 28 and 29

Plaintiff's Request for Production, Set Three, No. 28 states: "All DOCUMENTS that reflect log in and log out data for PLAINTIFF'S log in credential (i.e., username) on any of DEFENDANT'S computer systems, including IP address, for the RELEVANT TIME PERIOD." JS at 4. "RELEVANT TIME PERIOD" refers to "the time period from May 24, 2013 to the present." Id.

Plaintiff's Request for Production, Set Three, No. 29 states: "All DOCUMENTS that reflect log in and log out data for COVERED EMPLOYEES log in credentials (i.e., usernames) on any of DEFENDANT'S computer systems, including IP address, for the RELEVANT TIME PERIOD." Id. at 5. "COVERED EMPLOYEES" refers to "all Defendants' Loan Officer (a.k.a. Mortgage Banker) employees who worked in California". Id. at 4.

Plaintiff "seeks the 'log in' and 'log out' data" to prove "she and other putative class members were improperly classified [by Defendant] as outside salespersons." JS at 8. Plaintiff argues that "[u]nder California law, an employee does not qualify for the outside salesperson exemption unless he or she customarily spends 51% or more of working time outside of the office selling goods or services." Id. Plaintiff adds "'[t]he primary consideration in a misclassification case pertains to the *realistic* requirements of the job." Id. (citing to Duran v. Bank Nat. Assn., 59 Cal. 4th 1, 32 (2014) (internal quotation marks and citation omitted)). Plaintiff asserts "[r]elevant to this inquiry is *where* the employee actually spends his or her time, *i.e.*, in or out of the office." Id. (citing Duran, 59 Cal. at 27). Plaintiff contends that "[b]ecause Defendant did not keep time records for putative class members (Joint Stipulation ([Dkt. 32]) 5:9-10), the log in and log out data is possibly a source of information highly relevant to answering the common question of whether putative class members spent [time] working in or out of the office." Id. Plaintiff provides a declaration from an "expert" claiming that "records, or 'logs', maintained either on the employee's laptop, on the employer's network, or at a third party provider . . . , will likely indicate where employees spent time working and the amount of time employees spent accessing network resources on the laptop." Id. at 9; see Dkt. 62-1, Declaration of Erick Rasmussen.

Defendant objects to Plaintiff's requests on the ground that log in and log out data "for a sales employee like Plaintiff not only is of extremely limited value, but it also is unreliable and carries a serious risk of providing misleading and/or prejudicial information in this context." JS at 12. Defendant adds "[t]hese records will not accurately show time worked, and thus, they also cannot show the amount of time worked in a given location." Id. at 13. Defendant argues "[g]iven the minimal (if any) probative value the putative class members' 'log in' and 'log out' records have to any relevant inquiry in this misclassification case, coupled with the extraordinary burden attendant to producing all such records, this discovery is clearly disproportionate to the needs of this case." Id. Defendant further objected to the requests "to the extent [they] seek[] confidential, non-public, proprietary information." Id. at 5.

Here, the Court finds Plaintiff has met her burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds Plaintiff's requests regarding the log in and log out information for both herself and other putative class members relevant and proportional to determining issues of numerosity and commonality and, thus, identifying potential class members. Indeed, log in and log out information can provide, as Plaintiff puts it, "information highly relevant to answering the common question of whether putative class members spent [time] working in or out of the office." See JS at 8.

With respect to Defendant's objection regarding the probative versus prejudicial value of the discovery sought, that analysis is not dispositive at this stage where the discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Ultimately, the question as to whether the probative value of such information is outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury is an evidentiary issue reserved for the district judge.

Moreover, the Court cannot give weight to Defendant's objection that the requests pose an "extraordinary burden attendant to producing all such records." Defendant claims production would be burdensome, but has failed to provide any evidentiary support for such conclusion. Notably, Defendant has not provided an evidentiary declaration outlining the allegedly burdensome process that production of the requested documents would entail. See Garber, 234 F.R.D. at 188. Thus, the Court cannot rely on Defendant's conclusory assertion.

Finally, to the extent Defendant raises any legitimate privacy concerns, privacy does not completely bar discovery of protected material; rather, it generally requires balancing the needs of the party seeking discovery with the burden of production. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Here, the Court finds privacy concerns can be mitigated by the Stipulated Protective Order already issued. See id. at 617; Dkt. 29.

Hence, Plaintiff's Motion to Compel a further response to Request for Production, Set Three, Nos. 28 and 29 is GRANTED subject to the parties' Stipulated Protective Order.

### 2. Request for Production, Set Three, Nos. 30-31

Plaintiff's Request for Production, Set Three, No. 30 states: "All job descriptions for employees who directly report to COVERED EMPLOYEES." JS at 6.

Plaintiff's Request for Production, Set Three, No. 31 states: "All job descriptions for employees who work in the same locations as COVERED EMPLOYEES for the RELEVANT TIME PERIOD." JS at 7.

Plaintiff seeks the job descriptions because "[a]s part of Plaintiff's motion for class certification, Plaintiff intends to demonstrate that the realistic expectations of the job required Plaintiff and putative class members to perform the vast majority of their work in the office." JS

at 9. Plaintiff asserts "the requested information is relevant to demonstrating that putative class members did not have the opportunity or ability to delegate their tasks in a way that would allow them to spend a majority of the workday out of the office performing sales tasks." Id.

Defendant "maintains that job descriptions for employees other than putative class members have no relevance to this action and the request for same is disproportionate to the needs of this case." JS at 14. Defendant asserts, however, "in the spirit of cooperation, Defendant will agree to compile and produce the requested job descriptions and will advise the Court that such documents have been produced before the hearing date for the Motion." Id.

Plaintiff, in her supplemental brief, asserts "Defendant has not yet produced the requested job [descriptions]" "as of the date [(July 12, 2018)] of this supplemental memorandum." Dkt. 63 at 4. Moreover, the Court has yet to hear from Defendant whether it has produced such documents.

Here, the Court finds Plaintiff has met her "burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds Plaintiff's requests regarding the job descriptions is relevant and proportional to determining issues of numerosity and commonality and, thus, identifying potential class members. Additionally, any privacy issues can again be mitigated by the Stipulated Protective Order already issued. See Soto, 162 F.R.D. at 617; Dkt. 29.

Hence, to the extent Defendant has yet to produce documents responsive to Request for Production, Set Three, Nos. 30 and 31, Plaintiff's Motion to Compel a further response to Request for Production, Set Three, Nos. 30 and 31 is GRANTED subject to the parties' Stipulated Protective Order.

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Compel is **GRANTED**; and

(2) **Within ten (10) days** of the date of this Order, Defendant shall provide to Plaintiff supplemental responses to Request for Production, Set Three, Nos. 28-31 as well as any responsive documents, subject to the parties' Stipulated Protective Order.